UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

GAYL ANN FLYNN,                          )
                                         )
                    Plaintiff,           )
                                         )
          v.                             )      No. 1:21-cv-02279-JPH-MJD
                                         )
CONSOLIDATED CITY OF INDIANAPOLIS        )
AND MARION COUNTY, et al.,               )
                                         )
                    Defendants.          )

**ORDER ON MOTION TO STRIKE**

This matter is before the Court on Plaintiff's Motion to Strike Designated Affidavit of

Sgt. James Barrow and to Bar Sgt. James Barrow as a Fact Witness.  [Dkt. 60.]  For the reasons

set forth below, the motion is **GRANTED IN PART** and **DENIED IN PART**.

## I.  Background

This action arises out of a tragic accident in which Edward Flynn was killed when his

vehicle was struck by a vehicle that was fleeing from officers of the Indianapolis Metropolitan

Police Department ("IMPD").  Plaintiff, who is Edward's widow and representative of his estate,

asserts claims pursuant to 42 U.S.C. § 1983 and state law against Defendants, who consist of

four officers who were involved in the chase of the vehicle, an officer who supervised the chase,

and their employer ("the City").  Relevant to the instant motion, Plaintiff alleges that the City

> has failed to institute, maintain and enforce proper procedures for training and re-
> training its officers relative to high-speed chases; monitoring and supervising its

>officers relative to high-speed chases; and disciplining its officers relative to high-speed chases, all of which constitute a willful and deliberate indifference to and a willful and deliberate disregard of the serious risk of significant harm to members of the public, shock the conscious, and demonstrate a reckless and callous indifference to the Constitutional rights of members of the public, which led to and caused the death of Edward.

[Dkt. 54 at 7] (Plaintiff's Statement of Claims).

On September 29, 2022, Defendants filed a motion for summary judgment. [Dkt. 57.] One of the exhibits attached to the motion is the affidavit of Sgt. James Barrow. [Dkt. 57-3.] Barrow's affidavit describes in detail the training that IMPD officers—including the five individual officers—receive related to emergency vehicle operations generally and vehicle pursuits specifically. In their brief in support of the motion for summary judgment, Defendants rely on Barrow's affidavit for their argument that Plaintiff's *Monell* claim against the City is without merit because

>there is no evidence of intent to harm or even of deliberate indifference in the City's express policies and training. Moreover, there is no evidence of any gaps in the existing policy, custom, or decision by a policymaker that would establish an intentional decision by the City to have an unconstitutional pursuit policy. The City maintains a constitutional policy and trains its officers pursuant to that policy.

[Dkt. 59 at 29] (internal citation omitted).

## II. Discussion

In the instant motion, Plaintiff asks the Court to strike Barrow's affidavit and to bar him from acting as a fact witness in this case because he was not disclosed as a fact witness in Defendants' initial disclosures, discovery responses, or preliminary witness list. The Court agrees with Plaintiff that Defendants did not fulfill their discovery obligations with regard to Barrow and that striking his affidavit is appropriate. However, the Court disagrees that Barrow should be barred from testifying as a fact witness if a trial is ultimately held in this case.

2

**A.  Propriety of Plaintiff's Motion to Strike**

As an initial matter, Defendants argue that the instant motion should be denied because it was filed in contravention to Local Rule 56-1(i), which provides:  "The court disfavors collateral motions—such as motions to strike—in the summary judgment process.  Any dispute over the admissibility or effect of evidence must be raised through an objection within a party's brief." Defendants are incorrect that the mandatory language of Rule 56-1(i) applies to the instant motion; Plaintiff has not raised a dispute regarding the "admissibility or effect of evidence." Rather, Plaintiff has raised a dispute regarding Defendants' failure to comply with their discovery obligations, which Plaintiff argues should result in Defendants being barred from using Barrow's affidavit.  While the first sentence of the rule certainly applies, in this case there was good reason for Plaintiff to file a collateral motion to strike; it was the most efficient way for the issues raised therein to be addressed.

**B.  Defendants' Failure to Fulfill Their Discovery Obligations**

A Case Management Plan was entered in this case on September 9, 2021.  [Dkt. 14.]  It contains the following deadlines relevant to the instant motion:

- The parties' initial disclosures were due on or before September 27, 2021.

- Defendants' preliminary witness lists were due on or before October 11, 2021.

- If a party intended to use expert testimony in connection with a motion for summary judgment to be filed by that party, such expert disclosures were to be served on opposing counsel no later than 90 days prior to the dispositive motion deadline.

- Dispositive motions were due by September 7, 2022; this deadline was later extended to September 29, 2022.  [Dkt. 56.]

- Non-expert witness discovery and discovery relating to liability issues was to be completed by August 5, 2022.

- All remaining discovery is to be completed by January 18, 2023.

No trial date has been set in this case; the Case Management Plan anticipates that the case will be ready for trial in or after June, 2023.

Relevant to the instant motion, Defendants were required to provide Plaintiff with the following information in their initial disclosures:

> the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.

Fed. R. Civ. P. 26(a)(1)(A)(i).  There is no dispute that Barrow was not named in Defendants' initial disclosures or preliminary witness lists.  Nor was he named in response to Plaintiff's interrogatories, which asked Defendant to "[i]dentify . . . each individual whom you believe has knowledge of facts relevant to any defenses to the allegations or claims raised in Plaintiffs' Complaint or the allegations or claims raised therein and describe in detail the facts you believe each such person possesses."  *See* [Dkt. 60-3 through 60-8].   As Defendants recognize, Federal Rule of Civil Procedure 26(e)(1)(A) provides:

> A party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response … in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.

Defendants argue that they were not required to supplement their disclosures and/or responses to identify Barrow as a witness because "Plaintiffs were on notice of Barrow's identity as a witness

in late March, approximately four months prior to the close of discovery," [Dkt. 64 at 4], and

therefore, Barrow had "otherwise been made known to" Plaintiff.[1]

This argument is disingenuous at best.  Defendants identify four ways in which they

assert Barrow was "made known to" Plaintiff.  First, in response to Plaintiff's request for the

"'identities' of the members of the Vehicle Operations Review Board," Defendants stated that

they had "confirmed with Sgt. James Barrow, that, effective August 1, 2020, the makeup of the

Board included the following positions . . . ."  [Dkt. 64-1 at 2.]  It is, frankly, absurd to suggest

that this mention of Barrow put Plaintiff on notice that Barrow was an "individual . . . that

[Defendants] may use to support [their] claims or defenses."  In addition, other than the makeup

of the Board, the letter gives absolutely no indication of what relevant information Barrow might

have.

Second, along with the August 1, 2020, letter, Defendants provided Plaintiff with a copy

of a document entitled Indianapolis Metropolitan Police Department Vehicle Operations Review

Board Key Conclusions, Recommendations and Outcomes ("VORB Report"), which analyzes

the circumstances surrounding the accident in which Edward Flynn was killed.  That document

was signed by the board members, including Barrow, who was the chairperson.  While this

document certainly put Plaintiff on notice that Barrow had knowledge regarding the board's

review of the accident, that is not the subject of Barrow's affidavit.  Nothing in the document

_____

[1] The Court notes that, in filing their response to the instant motion, Defendants failed to comply
with Local Rule 5-6(a)(2), which states that "[e]ach electronically filed exhibit to a main
document" must be "submitted as an attachment to the main document and given a title which
describes its content," and Local Rule 5-1(b), which requires any brief that has four or more
exhibits to "include a separate index that identifies and briefly describes each exhibit."  Counsel
are admonished to comply with these rules—which are intended to aid the Court's review of
filings with multiple exhibits—in all future filings.

remotely suggests that Defendants would use Barrow as a witness in this case, and certainly not that the topic of his testimony would be officer training.

Third, Defendants point to the April 4, 2022, deposition testimony of IMPD Assistant Chief Christopher Bailey, in which he responded "[y]ou will need to ask the training coordinator for that" when asked "[w]hat specific training is provided in the academy for vehicle pursuit?" [Dkt. 64-3 at 8.] As it does not appear that Barrow is "the training coordinator," it is difficult to understand why Defendants believe that exchange should have pointed Plaintiff to Barrow.

Finally, Defendants point to the May 3, 2022, deposition testimony of Defendant Daniel Butler. When directed to the signatures on the VORB report and asked whether he "[had] ever talked to any of these people before about anything," Butler responded:  "Sergeant James Barrow, I've talked to before. He used—or I'm not sure he still is, but was an instructor at the Academy?" [Dkt. 57-4 at 32.] Again, this exchange falls far short of providing the information necessary to satisfy Defendants' obligations under Rule 26.[2]

---

[2] Defendants argue that

> Plaintiffs knew Barrow's name, knew that he was **an** instructor at the Training Academy, and were explicitly told that in order to find out about specific academy training, they would need to talk to **the** academy instructor. (Indeed, as previously noted, the initial disclosures and witness lists indicated generally that Defendants would rely upon an officer to discuss training). Nonetheless, Plaintiffs never sought Barrow's deposition.

[Dkt. 64 at 8] (emphasis added). There is a difference between "**an** instructor," "**the** instructor," and "the training coordinator." What Plaintiff knew was that Barrow was (at some point in time) **an** instructor and that the **training coordinator** would likely have useful information. And, in any event, at no time did Plaintiff know that Defendants would rely on Barrow's testimony in support of their motion for summary judgment prior to that motion being filed.

6

Defendants' argument boils down to the assertion that because Plaintiff was on notice that Barrow had some information relevant to the claims in this case, Plaintiff was obligated to follow up and determine the full extent of that relevant information, even though there was no hint that Defendants intended to use Barrow as a witness themselves. That argument simply ignores the requirements and purpose of Rule 26's initial disclosure and supplementation requirements. It is simply not how litigation works under the Federal Rules of Civil Procedure.

A similar argument was made (unsuccessfully) by the defendant in *Morris v. BNSF Ry. Co.*, 969 F.3d 753, 766 (7th Cir. 2020).[3] In that case, the defendant supplemented its initial disclosures, but not until after the close of discovery and less than a month before trial. The defendant added three witnesses and identified an additional topic about which a previously-identified witness had information. In granting plaintiff's motion to bar the testimony of the three new witnesses and limit the testimony of the fourth to the topic that had been disclosed earlier, the district court "rejected [the defendant's] contention that the newly-disclosed witnesses were actually not new (because they had been identified in emails and other documents), explaining that "[i]t's one thing to know that a person's name is out there [but] it's another thing to know that the other side is intending to call him as a witness. That's why we have Rule 26(a) disclosures." *Id.* at 765. On appeal, the defendant "lean[ed] heavily on a no-harm-no-foul contention, insisting that prior document productions effectively contained the same information

---

[3] *Morris* is far more analogous to this case than the case relied upon by Defendants, *Gutierrez v. AT&T Broadband, LLC*, 382 F.3d 725, 733 (7th Cir. 2004), in which deposition testimony unequivocally identified the affiant as having information regarding the exact (and highly relevant) topic that was addressed in the affidavit submitted in support of the defendant's motion for summary judgment.

as the supplemental disclosure." *Id.* at 766.  The Seventh Circuit rejected that argument, noting that

> the district court's ruling gives plain and concrete effect to the unmistakable duty to timely supplement mandated by Rule 26(e).  Complying should be a priority— not something brushed off as tedious or unimportant so long as the information disclosed late can somehow be unearthed like a needle in a haystack within a prior discovery production.  Parties who do not attend diligently to their obligation to supplement initial disclosures proceed at their own peril. Banking on principles of harmless error to excuse negligence is risky business.

*Id.*

To be clear, Defendants had an obligation to supplement both their initial disclosures and their interrogatory responses within a reasonable time—i.e., no more than a week or so—of learning that Barrow had information that was responsive to the interrogatories and/or that Defendants might use Barrow's testimony to support their defenses in this case.[4]  Inasmuch as Defendants argue that Plaintiff should have realized Barrow's import as early as March 28, 2022, *see* [Dkt. 64 at 6], Defendants surely should have realized their obligation to identify Barrow by that time.  There is simply no doubt that Defendants failed to comply with their discovery obligations with regard to disclosing Barrow as a potential witness.

### C.  Proper Remedy

It was Defendants' unequivocal obligation to supplement their initial disclosures in a timely manner to identify not only that Barrow had some discoverable information, but also the subjects of that information and the fact that he was an individual whom the Defendants "may use to support [their] claims or defenses."  They were also obligated to supplement their

---

[4] The Court notes that identifying the generic category of "any individual from IMPD who can testify about training that officers receive" in their initial disclosures, [Dkt. 60-1], in no way fulfilled their obligation to specifically identify Barrow.

interrogatory responses to identify Barrow and describe in detail the relevant facts he possessed. There is simply no question that Defendants failed to fulfill that obligation.  Defendants chose instead to ambush Plaintiff by submitting Barrow's affidavit along with their motion for summary judgment.

The next question is what are the proper consequences of that failure?  Federal Rule of Civil Procedure 37(c)(1) provides that if a party fails to disclose required information, "the party is not allowed to use that information or witness . . . unless the failure was substantially justified or is harmless."

Defendants note that "[f]rom the inception of this matter, Plaintiffs have alleged that failures in training relating to vehicle pursuits form a basis for the Plaintiffs' claims against Defendants," and that, during the course of discovery, Plaintiff "elicited testimony from nine different IMPD employees about the training that IMPD officers receive on vehicle pursuits— including the type of training they receive at the Indiana Law Enforcement Academy ('ILEA') and IMPD Training Academy."  [Dkt. 64 at 10.]  Therefore, Defendants argue, "Plaintiffs cannot now claim surprise that Defendants have presented evidence about the training that IMPD officers receive from one of the witnesses made known to Plaintiffs' [sic] during discovery."  *Id.* at 11.  Implicitly, Defendants are arguing that this alleged lack of surprise makes their failure to disclose Barrow harmless, such that they should not be precluded from using his affidavit and/or his trial testimony.

With regard to the pending motion for summary judgment, Defendants' failure was not harmless.  Plaintiff was entitled to rely on the fact that, inasmuch as fact discovery was closed, the information she had regarding the training issue was the information that would be in play for summary judgment purposes.  Defendants have now submitted additional information in the

form of Barrow's affidavit.  As Plaintiff notes, delaying the briefing of the motion in order to allow Plaintiff to depose Barrow prior to responding to the motion—the alternative remedy urged by Defendants—will delay the ultimate resolution of this case, which is not harmless to Plaintiff.  The Court, in its discretion, declines to take that route.  *See* [Dkt. 64 at 13] (recognizing the Court's "broad discretion in determining how best to remedy the Plaintiffs' alleged injury").  Instead, the Court **GRANTS** Plaintiff's motion to strike Barrow's affidavit. The affidavit will not be considered in ruling on the motion for summary judgment.

However, the Court **DENIES** Plaintiff's request to prohibit Barrow from testifying as a fact witness should this case proceed to trial.  Given the fact that Barrow has also been (timely) named as an expert witness for trial purposes, Plaintiff will not be prejudiced by any testimony he gives as a fact witness, because Plaintiff will have ample opportunity to depose him about his factual testimony when he is deposed about his expert opinions.  In addition, if Plaintiff needs to conduct additional fact discovery as a follow-up to Barrow's deposition, she will be granted leave to do so within the remaining discovery period.  Conducting that discovery will not cause a delay in the ultimate resolution of this case, and therefore, with regard to Barrow testifying as a fact witness at trial, Defendants' discovery failures were harmless.

### III.  Conclusion

For the reasons set forth above, Plaintiff's Motion to Strike Designated Affidavit of Sgt. James Barrow and to Bar Sgt. James Barrow as a Fact Witness, [Dkt. 60], is **GRANTED IN PART** and **DENIED IN PART**.  Barrow's affidavit, [Dkt. 57-3], is **STRICKEN** and will not be considered as evidence in support of Defendants' motion for summary judgment.  However, should this case proceed to trial, Barrow will be permitted to testify as a fact witness, and Plaintiff is granted leave to depose him as a fact witness during the remaining discovery period.

The **Clerk is directed** to show Docket No. 57-3 as **STRICKEN**. Plaintiff's response to Defendants' motion for summary judgment is now due on or before **28 days from the date of this Order**.

SO ORDERED.

Dated:  25 OCT 2022

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically on all ECF-registered counsel of record via email generated by the Court's ECF system.